## CIRCUIT COURT OF FAIRFAX COUNTY

Signal Corporation, Inc.

v.

Continental-Shawnee
Associates Limited
Partnership et al.

June 14, 1991

Case No. (Law) 104196

By JUDGE JOHANNA L. FITZPATRICK

This case came before the Court on May 31, 1991, to consider defendants' Demurrers to Plaintiff's Motion for Judgment. The plaintiff, Signal Corporation, Inc., seeks damages based on Nuisance, Breach of Quiet Enjoyment/Constructive Eviction and Negligence for injuries arising out of the application of "Vulkem 350" to the walls of defendant, Autometrics', premises. For the reasons set forth below, the defendants' Demurrers to the Plaintiff's Motion for Judgment are overruled.

In the early part of 1989, Autometrics hired defendant TEC to make improvements to its leased premises at Shawnee Plaza. In particular, it is alleged that TEC contracted with Autometrics to apply a chemical known as "Vulkem 350" to the walls of Autometrics premises. Plaintiff's Motion for Judgment para. 8. On or about May 12, 1989, TEC applied "Vulkem 350" to Autometrics premises. Plain-

tiff's Motion for Judgment para. 10. The plaintiff contends that the application of "Vulkem 350" caused an "intolerable odor" throughout the Shawnee Plaza which (1) interfered with its use and enjoyment of its property, (2) caused it to be constructively evicted from Shawnee Plaza from May 13, 1989, through May 18, 1989, and (3) resulted in the defendants breaching their duty to adequately warn co-tenants of the harmful effects.

## Count I (Nuisance)

### (Landlord, Autometrics & TEC)

First and foremost, and despite the contention of defendant Autometrics, it is for the finder of fact to determine whether the plaintiff was materially injured by the allegedly harmful substance. *Smith v. The Pittston Co.*, 203 Va. 711, 127 S.E.2d 79 (1962).

Defendants, Autometrics (co-tenant) and Continental-Shawnee Associates Limited Partnership (Landlord), also submit that the only damages recoverable under a nuisance theory are damages for interference with the use and/or enjoyment of a property. As such, the defendants contend the plaintiff's claim for lost revenue is improper. The Court finds, however, that the aforesaid measure of damages for a nuisance (*See* Model Civil Jury Instruction I-567) encompasses all damages, of every nature, which result proximately from a wrong. *See* Michie's Jurisprudence, vol. 14A *Nuisance* sec. 44. ("In the case of a temporary nuisance, the true measure of damages is the loss sustained by reason of the plaintiff not having the use of his property . . . . If the loss was total, then the loss of profits or rental of the property is the true measure of damages. If not total, then the comparative loss of rent or profits is the measure of damages.") Therefore, the plaintiff's prayer for lost revenues is in an appropriate case a possible measure of damages. There is no Virginia case which specifically addresses this issue.

Defendant Continental-Shawnee Associates Limited Partnership (landlord) also argues that Count I is insufficient as a matter of law because the Plaintiff merely alleges that the chemical was applied with its "knowledge, approval and permission." Nevertheless, the Court notes

that a landlord may be liable for a nuisance on his premises if he created it or authorized its creation by some person for whose action he is responsible. *See* Michie's Jurisprudence, vol. 14A *Nuisance* §§ 17 & 18; 58 Am. Jur. 2d, *Nuisances*, § 49. As such, the Plaintiff's allegation as to the liability of the landlord is sufficient as a matter of law. Finally, Defendant TEC submits that Count I fails to state a claim upon which relief can be granted because TEC was merely a "Business Invitee" of Defendant Autometrics. Put simply, the law of Virginia holds all persons who join or participate in the creation of a nuisance liable for the wrong and injury done thereby. *See* 58 Am. Jur. 2d, *Nuisances*, § 48; Michie's Jurisprudence vol. 14A *Nuisances* § 19.

### Count II
### (Breach of Quiet Enjoyment/Constructive Eviction)

### (Landlord)

The Court finds, after due consideration of the landlord's argument, that a landlord who has impliedly or expressly authorized the creation of a nuisance by a lessee may be liable to the damaged party for breach of the covenant of quiet enjoyment. *See* 49 Am. Jur. 2d, *Landlord and Tenant*, § 342. Therefore, the landlord's demurrer to Count II of the plaintiff's Motion for Judgment is overruled.

### Count III (Negligence)

### (Landlord, Autometrics and TEC)

The defendants' argue that Count III fails to state a legally sufficient claim because there was no duty to warn the co-tenants of the potential effects of the chemical. Yet, the Court in *Burruss v. Suddith*, 187 Va. 473 (1948), ruled that:

> allegations of negligence contained in the notice must be held to include any failure to use due care to warn the plaintiff at any time after defendants' agents knew that the

position he occupied was one of peril of which he was unaware.

In the case at bar, the plaintiff has alleged that notice "was untimely and . . . totally ineffective in warning Signal of the actual harmful effects of [the] chemical." *See* Plaintiff's Motion for Judgment, p. 25. As such, I find that Count III states a legally sufficient claim for negligent failure to warn.